# Exhibit I

**<u>DECLARATION OF JOSE C. CAMPOS, ESQ.</u>**
**<u>IN SUPPORT OF PLAINTIFFS' MOTION TO STAY EFFECTIVE DATE OF AGENCY</u>**
**<u>ACTION OR PRESERVE STATUS OR RIGHTS</u>**

I, Jose C. Campos, Esq., hereby declare pursuant to 28 U.S.C. § 1746:

1.  I am a licensed attorney in the state of Pennsylvania. I am the managing attorney at the Campos Firm.  I am a member in good standing of the State Bars of Pennsylvania, New York, New Jersey, and California.

2.  I make this declaration based on my personal knowledge and, if called to testify about its contents, I could and would do so competently and truthfully.

3.  I have practiced as an immigration attorney for eighteen (18)  years in the state of Pennsylvania. Over the course of my career, I have represented or supervised the representation of approximately 1000 clients in non-detained removal proceedings in immigration courts in the state of Pennsylvania. My practice focuses on complex immigration removal defense and federal criminal defense.  In my capacity as managing attorney I oversee a team of four paralegals and three of-counsel attorneys.  My primary responsibilities include litigation at the trial and appellate levels.

**The Campos Firm's Work**

4.  The Campos Firm represents clients in both the immigration courts and the federal courts in Pennsylvania.

5.  Since November 2025, my firm has filed approximately eighty-five (85) habeas cases involving people re-detained at ECE check-ins within the Philadelphia Field Office's Area of Responsibility who are still in removal proceedings and/or have no final order for removal.

**ICE Re-Detention Without Changed Circumstances**

6.  For years, the Campos Firm has represented noncitizens in the Eastern, Middle and Western Districts of Pennsylvania, along with the districts of New Jersey who were released pending removal proceedings because the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) had determined that they did not pose a danger to property or persons, and that they were likely to appear for any future proceedings.

7.  Our firm has now seen that ICE is re-detaining clients who have no material changes in their circumstances.

8.  It was on or about November 24, 2025, I was retained to file my first habeas petition within the Eastern District of Pennsylvania.  My client had been detained while attending a routine check-in at an ICE office in Philadelphia, PA.  ICE agents arrested my client without stated justification.  Our firm has seen the following types of re-arrest:

a. ICE re-arresting people who were previously released from custody after a determination that they are not a danger to people or property, or a flight risk
b. Individuals who ICE has arrested have been complying with any requirements, including immigration check-ins or appearing at immigration proceedings
c. Individuals who ICE has arrested largely have no criminal record and support themselves through earned income
d. ICE re-arrested these individuals without first making any individualized determination that they are a danger or a flight risk

9.  Many of my clients have suffered harms of detention, including being ripped away from family, minor children, school, work, loss of income, without any warning/notice/basis.  These clients have lost income.  Additionally, a large percentage of these clients had families, wives and minor children at home who felt the emotional pull of having their sons, spouses or fathers ripped away from them at what should have been a time of family unity and celebration.

10.  The majority if my clients have immigrant families and have lived or continued to live in a patriarchal society where the male is the dominant figure and financial provider.  Many families struggled with not only the absence of income and being able to feed and provide for their families, but also the lack of knowledge and experience to do so.  They were also tasked with being able to arrange and pay legal and administrative costs associated with the filing of a habeas petition and/or raising the money to provide bond, if so required.

11. Prior to this policy change, ICE did not have a practice of re-detaining our clients unless their individual circumstances materially changed in a way that ICE claimed made them a flight risk or danger to the community. This policy change, of ICE detaining individuals without changed circumstances, including at their check-ins, has negatively impacted my clients. It does not make sense to re-detain people, including people going to ICE check-ins, absent changed circumstances. They are complying with what the government has asked of them and yet they are re-arrested. My clients now fear going to their check-ins, and I can no longer tell them that they generally will not be re-detained absent changed circumstances.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in CITY, Pennsylvania, on June 12, 2026.

Jose C. Campos, Esq.
Pennsylvania Bar No. 207646
THE CAMPOS FIRM
251 East Broad Street
Bethlehem, PA 18018
Phone (610) 868-2230
Fax (610) 868-1488
Email jc@jccamposlaw.com